**Juan Carlos OCHOA-HUERTA, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

**No. 16-72419**

United States Court of Appeals, Ninth Circuit.

Submitted December 18, 2017 *

Filed December 20, 2017

Juan Carlos Ochoa-Huerta, Pro Se

OIL, Karen L. Melnik, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

MEMORANDUM **

Juan Carlos Ochoa-Huerta, a native and citizen of Mexico, petitions pro se for re-

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

view of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Espino-Castillo v. Holder*, 770 F.3d 861, 863 (9th Cir. 2014). We deny the petition for review.

Ochoa-Huerta has not established any error in the agency's determination that his conviction under Nevada Revised Statute §§ 205.760, 193.330 is categorically a crime involving moral turpitude, because it requires proof of "intent to defraud" as an element of the crime. *See Espino-Castillo*, 770 F.3d at 863-64 (recognizing the "longstanding rule that crimes that have fraud as an element are categorically crimes involving moral turpitude," and a "court may not apply the modified categorical approach if the statute proscribes only conduct that involves moral turpitude" (alterations, citations, and quotation marks omitted)); *Castrijon-Garcia v. Holder*, 704 F.3d 1205, 1209 n.2 (9th Cir. 2013) (the court looks to the underlying crime in determining whether a conviction for attempt constitutes a crime involving moral turpitude). Accordingly, Ochoa-Huerta is ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C); 8 U.S.C. § 1182(a)(2).

In light of this disposition, we do not reach, and the BIA was not required to address, Ochoa-Huerta's remaining contentions regarding his alleged controlled substance conviction. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (review is limited to the actual grounds relied upon by the BIA); *see also Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir.

ed by Ninth Circuit Rule 36-3.

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2004) (courts and agencies are not required to reach non-dispositive issues).

**PETITION FOR REVIEW DENIED.**

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.